# Smith *v.* Chapman & Co.

### *Assumpsit.*

(Decided Dec. 20th, 1906.   42 So. Rep. 817.)

*Courts; Terms; Duration of Term.*—A summons was issued and served on the defendant on October 8th, returnable to the November term. The November term convened on the 7th of that month, and on Tuesday following the convening of the court, the plantiff not having demanded trial by jury, and the defendant not appearing, a judgment by default was entered against defendant. Held, that under the terms of the act (Local Acts 1903, p. 40,) creating the county court of Geneva county, the case stood for trial and was triable on the day the judgment for default was rendered.

APPEAL from Geneva County Court.

Heard before Hon. E. F. ELLSBERRY, Special Judge.

Action by Chapman & Co., against W. H. Smith. From a judgment for plaintiffs, defendant appeals. Affirmed.

W. O. MULKEY, for appellant.—The cause was not at issue on Monday, Nov. 7, and under the rules of practice governing the county courts would not be at issue until the following term and the court erred in rendering judgment by default on Tuesday, the 8th of November.—Acts 1903, p. 537, § 3308, Code 1896.

W. R. CHAPMAN, for appellee.—No brief came to the reporter.

TYSON, C. J.—Under the act establishing the court rendering the judgment from which this appeal is prosecuted, the terms of the court are required to be holden on the first Monday in each month, and "shall continue until the causes therein pending are disposed of."—Loc. Acts 1903, p. 40. The tenth section of the act provides "that the summonses and other civil process, preceding the trial, shall be made returnable to the term of court next thereafter, unless the same are issued less than three days before such term in which event they shall be made returnable to the next succeeding term, and when the summons in any civil cause has been executed fifteen days or more before the first day of the term at which it is returnable, it shall stand for trial at such term, unless the plaintiff in bringing the suit, has demanded a jury trial, as herein provided, or unless the defendant, in filing his plea or other form of defense, has demanded a jury trial as herein provided, in either of which events the cause shall stand for trial at the next succeeding jury term. The clerk of said court shall set all civil and criminal causes for trial on such days of each term as may be designated by him," etc. The summons in this case was issued on the 8th day of October, 1904, returnable to the November term of the court, which convened on the 7th day of that month, and was served on the defendant on the day it was issued. On Tuesday, the day following the convening of the court at the November term, the defendant not appearing, a judgment by default was entered; the plaintiff not having demanded a jury trial.

The contention against the regularity of the judgment is that the defendant had the whole of Monday, the first day of the term, within which to plead, and that the court could not continue its session on Tuesday for the purpose of trying the cause. This is clearly in contravention of the plain language of the act quoted above, as well as the spirit of it. It requires no act of the court to continue the term for disposing of causes pending therein. By the express words of the law creating the court, the term is continued for the purpose of disposing of all cases where the summons has been served 15 days or more before the first day of the term.

[Gillespie v. Campbell.]

All such cases stand for trial at that term, unless a jury trial is demanded. Of course, where the service of the summons is within 15 days of the first day of the monthly term, the cause would not stand for trial at that term. But such is not the condition of this case. The cause stood for trial, and was triable, on the day the judgment by default was rendered.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.